UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **STEPHANIE B. SULLIVAN** | **CIV. ACTION NO. 19-0806** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **FRANK J. BISIGNANO, COMMISSIONER, U.S. SOCIAL SECURITY ADMINISTRATION** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

**REPORT AND RECOMMENDATION**

Before the undersigned magistrate judge, on reference from the district court, is a petition for attorney's fees pursuant to 42 U.S.C. § 406(b) [doc. # 31] filed by Alex W. Rankin, attorney for Plaintiff Stephanie Sullivan. The Commissioner filed a response stating that he neither supported, nor opposed the motion, but provided information to assist the Court in its determination. (Gov.'t Response [doc. # 35]).[1] As detailed below, IT IS RECOMMENDED that the motion be GRANTED.

**Background and Timeline**

On June 25, 2019, Stephanie Sullivan ("Sullivan"), represented by attorney Alex W. Rankin, filed the instant complaint for judicial review of the Commissioner's denial of social security disability benefits. On March 31, 2020, the District Court entered judgment reversing and remanding the matter to the Commissioner for further proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g). (Judgment [doc. # 21]). On April 25, 2020, Sullivan filed a petition for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA Fee Petition"), which resulted in a June 10, 2020 Judgment awarding Sullivan EAJA fees in the amount of

---

[1] Although the Commissioner has no direct financial interest in the § 406(b) award, he acts as a trustee on behalf of the claimant. *Gisbrecht v. Barnhart*, 535 U.S. 789, 798, n.6 (2002).

$7,000.00 for 40 hours of work, plus court costs of $40.20 and postal expenses $22.35. (Judgment [doc. # 28]).

On an unspecified date following remand, the Commissioner determined that Sullivan was disabled as of February 16, 2017, within the meaning of the Social Security Act. *See* Notice of Award; 406(b) Motion, Exh. 2 [doc. # 31-2].

On April 5, 2025, the Social Security Administration issued a Notice of Award, advising Sullivan that her past-due benefits totaled $99,560.00, from which the agency was withholding 25 percent, or $24,890.00, to pay her representative. *Id*. The agency added that it had approved the fee agreement between Sullivan and her representative, which could not exceed $7,200.00. *Id*. In addition, the agency continued to withhold the remaining $17,690.00 of the past-due benefits, in the event that Sullivan's lawyer asked the federal court to approve a fee for work done in federal court. *Id*.

On May 6, 2025, Sullivan's attorney, Alex W. Rankin,[2] filed the instant petition for an attorney fee pursuant to 42 U.S.C. § 406(b) (sometimes referred to herein as "406(b) Fee Motion"). He seeks to recover a § 406(b) award of $24,890.00, which represents 25 percent of Sullivan's past-due benefits, as compensation for work expended on the client's behalf in federal court.

In further support of the 406(b) motion, counsel submitted an Employment Agreement Contract for Federal Court Work ("Contract") executed by Sullivan and Alex W. Rankin on June 24, 2019. (Contract; 406(b) Motion, Exh. 1 [doc. # 31-1]). The Contract provides, in pertinent part, that,

---

[2] Plaintiff's attorney is the real party in interest for purposes of the instant motion. *Gisbrecht*, 535 U.S. at 798, n.6.

> This is a contract . . . for the sole purpose of pursuant a claim for Disability Insurance Benefits ("DIB") and/or Supplemental Security Income ("SSI") together with any auxiliary benefits, under the Social Security Act . . .
>
> This is a contingent fee contract. If Attorney prevails before the Federal Court, and if Claimant is subsequently awarded benefits by the Social Security Administration ("SSA"), Claimant agrees to pay Attorney a fee for Federal Court work equal to 25% of the past-due benefits . . .

*Id*.

## Law

Section 406(b) provides that

> [w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

42 U.S.C.§ 406(b).

In *Gisbrecht v. Barnhart*, the Supreme Court recognized that contingent-fee agreements remain the primary source for determining the fee that a claimant owes her attorney for representation in federal court. *Gisbrecht*, 535 U.S. at 807. Pursuant to § 406(b), however, courts also must review fee agreements to ensure that they yield "reasonable results in particular cases." *Id*. For fees within the 25 percent boundary, the burden remains with the attorney for the successful claimant to show that "the fee sought is reasonable for the services rendered." *Id*. Fees may be reduced based upon the character of the representation, the results achieved, delay by the attorney, or if the benefits are large in comparison to the amount of time spent on the case. *Gisbrecht*, 535 U.S. at 808. In its assessment of the

reasonableness of the fee prescribed by the fee agreement, the court may require the attorney to submit a record of the number of hours that he expended on the case and his normal hourly billing charge in noncontingent fee cases. *Id*.

In *Jeter v. Astrue*, the Fifth Circuit examined *Gisbrecht* and concluded that lower courts are not precluded from considering the lodestar (the number of hours reasonably expended by the attorney in the case multiplied by his reasonable hourly fee) in their 406(b) fee determinations. *Jeter v. Astrue*, 622 F.3d 371(5th Cir. 2010). The court explained that

> where lower courts look to the lodestar method to evaluate the ratio of fee earned to number of hours expended, they cannot find that a particular fee award would result in a windfall unless the court can articulate additional, specific factors to demonstrate that the resulting high fee was unearned by the attorney - and thus not attributable to the attorney's representation of the client before the court.

*Id*.

Although the Fifth Circuit declined to prescribe an exhaustive list of factors that lower courts should consider when determining whether a particular fee is unearned, the Court did cite some factors considered by other courts, including, risk of loss in the representation, attorney experience, percentage of the past-due benefits the fee constitutes, value of the case to the claimant, degree of difficulty, and whether the client consents to the fee. *Id*.

<u>**Analysis**</u>

**I.    Timeliness**

A motion for attorney's fees under § 406(b) is governed by Federal Rule of Civil Procedure 54(d)(2) which provides that the motion for fees must be filed no later than 14 days after entry of judgment "unless otherwise provided by statute or order of the court." *Pierce v. Barnhart*, 440 F.3d 657, 663-664 (5th Cir. 2006); FED. R. CIV. P. 54(d)(2). Paradoxically, however, a § 406(b) fee motion is not available until after a favorable award is issued by the

Commissioner, which, as in this case, may not occur until months or even years following remand.

Sullivan's attorney, Mr. Rankin, filed the instant motion 31 days after the agency issued its April 5, 2025 Notice of Award. Mr. Rankin explained that there were technological issues in his office that required him to mail the Notice to his out-of-state co-counsel, Ms. Bohr, on April 14, 2025. *See* 406(b) Motion, pg. 2 n.2. Ms. Bohr, who is not admitted *pro hac vice* in this matter, did not receive the letter until May 6, 2025, whereupon she rapidly drafted the instant petition for Mr. Rankin to file that same day. *Id*. Upon consideration, the Court finds that counsel has satisfied the "excusable neglect" exception set forth in Federal Rule of Civil Procedure 6(b)(1)(B).

**II.    Reasonableness**

Sullivan's counsel obtained a favorable outcome in this case, with no indication of undue delay on their part. Attorneys, Alex Rankin and Sarah Bohr, whose regular billing rates, in 2019-2020, were $300 and $350 per hour, respectively, expended a total of 40 hours prosecuting this matter in federal court. *See* M/EAJA Fees [doc. # 22]. Therefore, if Sullivan's legal team was to receive the $24,890.00 that they claim under the Contract, then they will have been compensated at an hourly rate of $622.25 ($24,890.00/40.0 hrs). Counsel's requested fee award will result in an hourly rate that is either 2.07 or 1.77 times greater than counsel's ordinary billing rate, which is within the range of awards upheld by this and other courts. *See Randolph v. Astrue*, Civ. Action No. 05-1692 (W. D. La. 6/27/2007) (fee award reduced to five times normal billing rate); *Ellick v. Barnhart*, 445 F. Supp. 2d 1166 (C.D. Cal. 2006) (and cases cited therein); *Jeter v. Astrue*, Civ. Action No. 06-0081 (W. D. La.) (award reduced to 2.5 times counsel's ordinary billing rate).

The Court further observes that counsel is highly experienced in litigating social security matters. Moreover, this case presented fact-intensive issues, with no guarantee of success. Although counsel seeks the maximum 25 percent of past-due benefits permitted by law, the value of the case to the claimant was considerable and cannot be understated. Finally, there is no indication that the client consents to the fee.

Upon consideration, the undersigned finds that counsel has established that the fee sought is reasonable for the services rendered.

**III.  Obligation to Remit Smaller Fee**

When a court grants contingency fees under § 406(b), the same statute makes it a crime for an attorney to "charge[ ], demand[ ], receive[ ], or collect[ ] for services rendered in connection with proceedings before a court . . . any amount in excess of that allowed by the court."  *Rice v. Astrue*, 609 F.3d 831, 835–36 (5th Cir. 2010) (quoting 42 U.S.C. § 406(b)(2)). In other words, an attorney who receives a § 406(b) fee is prohibited from also seeking to collect a fee awarded under the EAJA.  *Id*.

In 1985, however, Congress passed an uncodified amendment to § 206(b) of the EAJA, clarifying that "no violation of law occurs 'if, where the claimant's attorney receives fees for the same work under both [42 U.S.C. § 406(b) and 28 U.S.C. § 2412(d)], the claimant's attorney refunds to the claimant the amount of the smaller fee."  *Astrue v. Ratliff*, 560 U.S. 586, 595 (2010) (quoted source omitted).

Here, the Court previously awarded EAJA fees to Sullivan in the amount of $7,000.00. Therefore, Sullivan's attorney is required to refund to the claimant the smaller of the two fees.

## Conclusion

For the foregoing reasons,

6

IT IS RECOMMENDED that the petition for attorney's fees pursuant to 42 U.S.C. § 406(b) [doc. # 31] filed by Alex W. Rankin, attorney for Plaintiff Stephanie Sullivan, be GRANTED, and that Plaintiff's counsel, Alex W. Rankin, be awarded the sum of $24,890.00, subject to counsel's obligation to refund to the client the EAJA fee award received by counsel in this matter.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, on this 11th day of September, 2025.

KAYLA DYE MCCLUSKY
UNITED STATES MAGISTRATE JUDGE